IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 C 8415 |
| ) | |
| ILLINOIS SPORTSERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

James Shaw, who suffers from a disability that impairs his cognitive and communication skills, sued Illinois Sportservice, Inc. (ISS) for violating the Americans With Disabilities Act in connection with his application for employment. After discovery, the Court granted summary judgment in favor of ISS. ISS now asks to recover costs totaling $9,608.64. Shaw opposes recovery of costs.

### Discussion

A prevailing party like ISS is typically entitled to recover costs. *See* Fed. R. Civ. P. 54(d)(1). Shaw concedes that ISS is the prevailing party but contends the Court should not award costs because he is indigent and unable to pay.

The presumption in favor of a prevailing party's recovery of costs may be overcome by a showing of the losing party's indigency. *Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006); *see also Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)*.* To establish indigency, the party must "show not only that

she [is] incapable of paying court-ordered costs at the time they [are] imposed but also that she will be incapable of paying them in the future." *Rivera*, 469 F.3d at 636; *see also McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). "[T]he burden is on the losing party to provide the district court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 636. A party may establish financial hardship by submitting "sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses." *Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015).

Shaw has submitted evidence of his income and expenses via a declaration by his mother, Dr. Terri Richmond. Dr. Richmond states that Shaw has no assets. His monthly income is approximately $1,068, which consists entirely of disability-based benefits, including $240 in Supplemental Nutrition Assistance Program benefits that can be used only to purchase food. Shaw's monthly expenses are $1,432. Thus his expenses exceed his income by approximately $364 each month.

This is sufficient evidence that Shaw is unable to pay costs at present. ISS argues that "if Plaintiff can afford monthly entertainment, cell phone, cable television, entertainment, and a gym membership, he is not indigent, and certainly not so indigent as to overcome the strong presumption that Defendant should be awarded costs according to Rule 54(d)." Def.'s Reply Br. at 2. But even if the Court were to eliminate the expenses that ISS does not regard as those of an indigent person—"cable television ($65.00 a month), a gym membership ($15.00 a month), a personal cell phone ($16.00 a month), new clothing ($100.00 a month), shoes ($25.00 a month), entertainment ($20.00 a month) and miscellaneous expenses ($51.00 a month)," *id.*, Mr. Shaw's remaining monthly expenses would still exceed his income by approximately $72. In

short, Shaw's modest income—which, the Court notes, totals under $13,000 per year—is not enough to cover all his necessary expenses, let alone pay ISS's claimed costs of $9,608.

The Court must also assess Shaw's ability to pay the costs in the future. *McGill*, 18 F.3d at 459. ISS notes that Shaw claimed in the lawsuit to be able to work as a porter for ISS and says that his contention that he will be unable to pay costs in the future "contradict[s]" this. Def.'s Reply Br. at 2. But there is no contradiction; the Court concluded that Shaw's ADA claim was unfounded. Specifically, in granting summary judgment against Shaw, the Court concluded that due to his disability, Shaw could not perform the porter job, even though it required very limited skills.

As the Court found in granting summary judgment, Shaw suffers from "a traumatic brain injury; global aphasia, a language disorder that causes difficulty with speaking, reading and writing; motor speech apraxia, a language disorder that causes difficulty with producing sounds of letters and words while speaking, post-traumatic seizure disorder; and post-traumatic stress disorder (PTSD)." *Shaw v. Ill. Sportservice, Inc.*, slip op. at 1-2 (N.D. Ill. Aug. 9, 2021). In short, Shaw has severe cognitive issues that hinder his ability to communicate and follow directions. And, based on the record, it seems rather certain that Shaw's condition is permanent and unlikely to improve.

In sum, it is—at best—extraordinarily unlikely that Shaw will ever be able to find a job with duties he can perform. The Social Security Administration made a similar determination in awarding Shaw disability benefits. Specifically, the SSA awarded Shaw disability benefits only after finding that he could not engage in substantial gainful activity. Based on this record, the Court concludes that Shaw has established that he

3

will be unable to pay costs in the future.

## Conclusion

For the reasons stated above, the Court overrules defendant's bill of costs.

Date: March 6, 2022

_____
MATTHEW F. KENNELLY
United States District Judge